NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAFAEL RAMOS BENITEZ, individually, and on behalf of all others similarly situated,

Plaintiff-Appellee,

v.

GMRI INC., a corporation,

Defendant-Appellant,

and

DOES, 1 through 100 inclusive,

Defendants.

No. 23-55796

D.C. No.
3:22-cv-02031-L-JLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted July 10, 2024
Pasadena, California

Before: GRABER, N.R. SMITH, and NGUYEN, Circuit Judges.

Rafael Ramos Benitez brought this putative class action against GMRI Inc.,

his former employer, claiming unfair business practices and violations of wage and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

hour laws. GMRI moved to compel arbitration pursuant to a Dispute Resolution Process agreement ("DRP") with Ramos. The district court denied the motion, finding that the DRP was unconscionable, and GMRI appeals. We have jurisdiction under 9 U.S.C. § 16. Reviewing de novo, *see Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1013 (9th Cir. 2024), we vacate and remand.

Before the district court, Ramos argued that arbitration was unwarranted because the DRP as a whole was unconscionable. GMRI argued that "the DRP . . . delegates to the arbitrator any disputes regarding [its] validity or enforceability," but Ramos countered that "the DRP does not have [such] language" or "[a]t best . . . is ambiguous." The district court expressly declined to reach this issue. Instead, the court ruled that any delegation agreement was unenforceable because it was unconscionable. The court then ruled that "[t]he same reasons . . . render the DRP itself unenforceable."

"Arbitration clauses may delegate to the arbitrator, for determination in the arbitration, certain threshold issues about the agreement," such as "whether the arbitration agreement is unconscionable." *Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190, 1199 (9th Cir. 2024) (cleaned up) (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010)). "When the parties' agreement to delegate threshold arbitrability questions to the arbitrator is 'clear and unmistakable,' then a

court 'may not decide the arbitrability issue.'" *Id.* (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019)).

1. A party may challenge a delegation provision as unconscionable but, to do so, "the party resisting arbitration must specifically reference the delegation provision and make arguments challenging it" as unconscionable. *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1011 (9th Cir. 2023). As the district court recognized, Ramos "argue[d] that the entire agreement . . . is unconscionable"; he did not challenge the delegation provision specifically as unconscionable. Because Ramos's unconscionability arguments concerned "[t]he entire DRP," not a delegation provision specifically, the district court erred in determining that Ramos sufficiently challenged the enforceability of any delegation provision. *Id.*

2. On appeal, GMRI maintains that the DRP clearly and unmistakably delegates to the arbitrator the question of enforceability. We decline to reach this issue. Instead, we vacate the district court's order denying the motion to compel arbitration and remand for the court to determine in the first instance whether the DRP clearly and unmistakably delegates to the arbitrator the authority to determine the DRP's enforceability.

Each side shall bear its own costs.

**VACATED and REMANDED.**